IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM MARTIN PAGNIANO,

        Petitioner,

   v.

GARRETT LANEY,

        Respondent.

Case No. 6:20-cv-00468-HZ

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Lane County convictions dated July 5, 2012. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#19) is denied.

## BACKGROUND

In February 2012, two young females, aged six and nine, respectively, accused Petitioner of sexually abusing them. As a result, the Lane County Grand Jury indicted Petitioner on three counts of Unlawful Sexual Penetration in the First Degree and two counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102. The case proceeded to a jury trial where, in the absence of any physical evidence of abuse, the case amounted to a credibility contest between Petitioner and the girls.

The girls testified that Petitioner abused them when he spent the night in their parents' home. Respondent's Exhibit 106, pp. 13-16, 38-43. The State also offered testimony from the girls' family members, Petitioner's sister, and medical professionals all of whom testified about the complainants' disclosures of the abuse. For his part, Petitioner took the stand in his own defense and denied ever touching the girls inappropriately. *Id* at 261-62.

During closing argument, the prosecutor addressed whether the children had any motive to lie:

> **State:** Finally, there's an instruction you've already been given. I think it's in writing too. Something you can consider is that any evidence of bias, motivation, or interest for the witness to

2 – OPINION AND ORDER

> testify. And this is really important in this case because there is not a shred of anything suggesting that these kids have any bias, motive, or interest in this. What on earth is the motivation? What do they gain from this?
>
> **Defense**: Judge, I'm going to object to that. That is a burden-shifting argument. It's a policy – it's not even – it's not even an element of the crime.
>
> **Court:**   Overruled.

Respondent's Exhibit 107, p. 15.

During the prosecutor's rebuttal argument, he asked the jury to find the complainants credible:

> Folks, it looks like there's something we can agree on. Counsel said it repeatedly. These are good girls. Good family. Cares about them. Okay. And still, you know, I'm not asking you to speculate at all about [ ] the motivation for doing this, because I'm submitting to you that the motivation for doing this is because it really happened. That's why they said it happened. They're good girls telling the truth about what happened to them.
>
> * * * * *
>
> [Defense counsel] stated that there were no witnesses to this. Well, there's no adult witnesses for the State to this, but certainly there were witnesses to it. The girls are each other's witnesses.
>
> There are many, many cases where you don't have that. It's the one kid talking about what an adult did. And surely you understand this. Here there's two kids who can pinpoint the time of the conversation and pinpoint the time the person doing – being there because it is the next morning that these girls talk about this.

*Id* at 36-37. Defense counsel did not object to this argument.

3 – OPINION AND ORDER

The jury convicted Petitioner of all five charges, and the trial court sentenced him to 360 months in prison and lifetime post-prison supervision. Petitioner took a direct appeal wherein he assigned error to the trial court's ruling on his burden-shifting objection, but the Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion and the Oregon Supreme Court denied review. *State v. Pagniano,* 264 Or. App. 321, 331 P.3d 1109, *rev. denied,* 356 Or. 400, 339 P.3d 440 (2014).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where, among his claims, he asserted that trial counsel was ineffective for failing to object to the State's rebuttal argument on the basis that the prosecutor improperly vouched for the credibility of the complainants. The PCR court denied relief on all of Petitioner's claims. Respondent's Exhibit 135. The Oregon Court of Appeals affirmed that decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Pagniano v. Cain,* 298 Or. App. 493, 449 P.3d 549, *rev. denied,* 365 Or. 721, 453 P.3d 544 (2019).

On September 29, 2020, and with the assistance of appointed counsel, Petitioner filed his Amended Petition for Writ of Habeas Corpus in this 28 U.S.C. § 2254 action. The Amended Petition presents the Court with six grounds for relief containing 24 claims. Respondent asks the Court to deny relief on the Amended Petition because: (1) Petitioner failed to fairly present most of his claims to Oregon's state courts, leaving them procedurally defaulted and ineligible for federal habeas

4 – OPINION AND ORDER

corpus review; and (2) the state-court decisions denying Petitioner's fairly presented claims were not objectively unreasonable.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts

5 – OPINION AND ORDER

of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the federal court independently reviews the record, it still lends deference to the state court's ultimate decision and will only grant habeas relief if the state court's decision was objectively unreasonable. *Richter,* 562 U.S. at 98; *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

II. **Unargued Claims**

As previously noted, Petitioner raises numerous claims in his Amended Petition. In his supporting memorandum, however, he chooses to brief three claims: (1) whether the trial judge violated his right to due process when she overruled Petitioner's burden-shifting objection (contained within Ground One); (2) whether trial counsel was constitutionally ineffective when he failed to object to vouching by the prosecutor during

6 – OPINION AND ORDER

rebuttal argument (contained within Ground Two); and (3) whether the cumulative effect of these two errors resulted in prejudice such that habeas corpus relief is appropriate (contained within Ground Five). Petitioner does not argue the merits of his remaining claims, nor does he address any of Respondent's arguments as to why relief on his unargued claims should be denied. As such, Petitioner has not carried his burden of proof with respect to his unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims). Even if Petitioner had briefed the merits of these claims, the Court has examined them based upon the existing record and determined that they do not entitle him to relief.

### III. Ground Two Due Process Claim

Petitioner contends that when the State drew attention to the absence of evidence impeaching the credibility of the complainants, it necessarily suggested to the jury that the defense had a duty to develop such evidence. He argues that the prosecutor's closing argument therefore improperly shifted the burden of proof to him, and the trial judge erred when she overruled defense counsel's objection to the improper argument. The trial judge overruled the objection without explanation, and the Oregon Court of Appeals denied Petitioner's resulting due process claim without issuing a written opinion.[1] This Court therefore independently reviews the record as to this claim.

---

[1] In the context of an ineffective assistance of counsel claim, the PCR court concluded that the trial court's evidentiary ruling on Petitioner's objection was correct. Respondent's Exhibit 135, p. 5. To the extent this was a state-

7 – OPINION AND ORDER

In order to establish a due process violation in this case, Petitioner must demonstrate that the prosecutor's comments were not only improper, but rendered his trial fundamentally unfair. *Ford v. Peery*, 999 F.3d 1214, 1224 (9th Cir. 2021) (citing *Darden v. Wainwright*, 477 U.S. 168 (1986)). He has not done so. Petitioner testified in his own defense that, contrary to the girls' testimony, he had never touched them inappropriately. The prosecutor's closing argument was not an attempt to shift the burden of proof to the defense but, instead, an adversarial argument that the State's witnesses gave credible testimony. In doing so, the prosecutor specifically referenced an instruction the trial judge had already given the jury that it could consider any evidence of bias, motive, or interest in evaluating the credibility of the witnesses. Respondent's Exhibit 107, p. 15. The prosecutor argued that the instruction was "really important in this case" because there was a total absence of evidence that the complainants had any bias, motive, or interest. *Id*. This is a proper comment on the evidence by the prosecutor and, at a minimum, the comments did not render Petitioner's trial so fundamentally unfair as to violate due process. Accordingly, upon an independent review of the record, the Oregon Court of Appeals' decision denying relief on Petitioner's due process claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

---

court ruling on an issue of state law, it is binding on a federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

### IV. Ineffective Assistance of Counsel

Petitioner next alleges that the prosecutor engaged in impermissible vouching during his rebuttal argument recounted in the Background of this Opinion. He claims that the prosecutor improperly relied upon extra-record sources known only to him when he referred to the existence of "many, many" child abuse cases involving only one witness, *i.e.*, a singular victim. He asserts that the prosecutor's vouching also extended to his assertion on rebuttal that the complainants were "good girls telling the truth about what happened to them." Respondent's Exhibit 107, p. 36. He therefore argues that it was incumbent upon defense counsel to object to the rebuttal argument.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694.

9 – OPINION AND ORDER

A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

With respect to the issue of vouching, it is well established under federal law as well as Oregon law that a prosecutor may not vouch for the credibility of a witness. *United States v. Young*, 470 U.S. 1, 18-19 (1985); *Davis v. Cain*, 304 Or. App. 356, 364-65, 467 P.3d 816 (2019). Improper vouching occurs when the prosecutor either: (1) expresses his or her personal belief in the veracity of the witness; or (2) the prosecutor implies to the jury that there is evidence not presented to it that supports the witness' credibility. *United States v. Brooks*, 508 F.3d 1205, 1209 (9th Cir. 2007). However, "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Id* at 647.

The PCR court denied relief on Petitioner's ineffective assistance of counsel claim as follows:

> Petitioner has not proven that his trial attorney failed to exercise reasonable

10 – OPINION AND ORDER

> professional skill and judgment by failing to object to the prosecutor's argument that [the complainants] should be believed. The argument was not improper. The prosecutor was rebutting Petitioner's trial counsel's claim that there were no witnesses to the abuse by reiterating that there were, in fact, two. Arguing to the jury why the victim witnesses should be believed is not vouching and is proper argument. Even if the argument were questionable, reasonable counsel might not object. In the context of assessing an attorney's performance, failure to object during a closing summation generally does not constitute deficient performance.
>
> Petitioner has also failed to prove prejudice. Even if trial counsel had objected, Petitioner has failed to prove that an objection would have been successful.

Respondent's Exhibit 135, p. 5.

Petitioner's attorney argued to the jury that there were no witnesses to the abuse. The State properly countered that there were, in fact, two witnesses in the complainants themselves. The further argument that two witnesses are better than one was not vouching.

The prosecutor's statement that the complainants were "good girls telling the truth about what happened to them" is somewhat more difficult to assess.[2] A reasonable attorney might conclude that such a statement, in the context of the remainder of the closing argument, amounted to a reference that the evidence showed no motive for the complainants to lie such that an

---

[2] The PCR court did not directly address this particular aspect of Petitioner's claim in its reasoned decision, therefore this Court conducts an independent review of the record.

11 – OPINION AND ORDER

objection was not warranted. Conversely, a different (but still reasonable) attorney could conclude that the prosecutor was improperly vouching for the credibility of the children by describing them as "good girls" who generally tell the truth. However, that same attorney might also make a reasonable tactical decision not to highlight the statement with an objection or be perceived as objecting to the characterization of two young girls under the age of ten as "good girls."[3] In this respect, counsel's performance did not fall below an objective standard of reasonableness when he did not object to this portion of the prosecutor's closing argument.

Assuming, however, that counsel should have objected to the "good girls" statement, Petitioner has not established that there is a reasonable probability that the result of his trial would have been different had counsel actually lodged the objection. Even if the trial judge had sustained such an objection, the curative instruction that followed would have essentially reiterated the jury instruction the judge gave immediately before closing argument, *i.e.*, that the jury was the sole arbiter as to which testimony it would rely on in reaching its verdict. Respondent's Exhibit 107, p. 4. The prosecutor stressed this particular instruction to the jurors during his own closing argument when he informed them, "it comes to you, as the judge just told you, as the sole judges of the credibility of the witnesses in this case, to evaluate their testimony."

---

[3] This is especially true where defense counsel, himself, had just referred to the girls during his closing argument as "very nice" and "very appealing" with a "good family" and "[g]ood parents." Respondent's Exhibit 107, p. 34.

Respondent's Exhibit 107, p. 9. The jury presumably followed this instruction. *See Weeks v. Angelone,* 528 U.S. 225, 234 (2000). Accordingly, even assuming it was error for counsel not to object, Petitioner cannot demonstrate that he suffered prejudice as a result. For all of these reasons, the PCR court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (habeas relief is available only for "extreme malfunctions" in the state courts and is "not a substitute for ordinary error correction through appeal").

## V. Cumulative Error

Finally, Petitioner claims that the cumulative errors from his argued claims justify a grant of habeas corpus relief. While a series of errors might arise to a constitutional violation even if no single error is of a constitutional dimension, *Davis v. Woodford*, 384 F.3d 628, 654 (9th Cir. 2004), Petitioner's claims are not sufficiently meritorious to meet the threshold for cumulative error. Accordingly, under any standard of review, Petitioner's Ground Five claim does not entitle him to relief.[4]

---

[4] Although Respondent asserts that Petitioner failed to fairly present this claim to Oregon's state courts thereby leaving it procedurally defaulted, it does not appear such a claim is cognizable in Oregon where the PCR court concluded in Petitioner's case that "[c]umulative error is not a basis for relief under the Post-Conviction Relief statutes in Oregon." Respondent's Exhibit 135, p. 5. However, this Court need not resolve the exhaustion issue where Petitioner's Ground Five claim fails on its merits even under a *de novo* standard of review. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."); *Berghuis v. Thompkins,* 560 U.S. 370, 390 (2010) (permitting courts to deny habeas corpus petitions using *de novo* review where deference to a state-court decision may not be appropriate; *see also Cassett v. Stewart*, 406 F.3d 614,

**CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#19) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

May 12, 2022
DATE

Marco A. Hernandez
United States District Judge

---

624 (9th Cir. 2005) ("a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").